UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACQUELYN EMM; SERGIO BROOKS;
GREEN THINGS LANDSCAPING LLC

                        Plaintiffs,

                -against-

TRAMZ HOTEL GROUP, LLC; GRAPNEL
LLC; TARUNNUM MURAD IRREVOCABLE
TRUST I,

                        Defendants.

---

25-CV-5768 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION
AND PARTIAL DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Jacquelyn Emm, Sergio Brooks, and Green Things Landscaping LLC bring this action *pro se*. As set forth in this order, the Court (1) directs Emm and Brooks to either pay the fees to initiate a new civil action or each request that the fees be waived; and (2) dismisses the claims brought by Green Things Landscaping LLC ("Green Things"), without prejudice to Green Things retaining counsel.

## DISCUSSION

### A.    Fees

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiffs Emm and Brooks submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Plaintiffs must either pay the $405.00 in fees or both Emm and Brooks each must submit the attached IFP applications. If Plaintiffs submit the IFP application, each application should be labeled with docket number 25-CV-5768.

If the Court grants the IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

**B.    Green Things**

Corporations, nonprofit organization, and other artificial entities cannot proceed *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citations omitted)); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). Thus, the claims brought on behalf of Green Things are dismissed without prejudice to Green Things retaining counsel.

## CONCLUSION

No summons shall issue at this time. If Plaintiffs Emn and Brooks comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed.

The Court dismisses the claims brought on behalf of Plaintiff Green Things Landscaping LLC, without prejudice to this plaintiff retaining counsel.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant

demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 23, 2025
          New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge